**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 02-00016 |
| | | CIVIL ACTION NO. 04-0428 |
| ERIC KING, | ) | |
| Defendant/Petitioner. | ) | |

**ORDER**

This matter is before the Court on a motion to vacate, set aside or correct sentence filed

pursuant to 28 U.S.C. § 2255 by Eric King, a person in federal custody.  (Doc. 67.)  The Court has

not required a response from the government because it is clear from a review of the issues raised in

light of the pleadings on file that petitioner is not entitled to relief.

**Background**

Petitioner Eric King entered a plea agreement with the government and on March 21, 2002

pled guilty to conspiracy to manufacture methamphetamine.  Petitioner failed to appear for sentencing

and was arrested several months later.  When he did appear for sentencing on March 24, 2003, he

made an oral motion to withdraw his guilty plea and requested appointment of new counsel.  The Court

postponed sentencing and appointed substitute counsel.  Petitioner's new attorney filed a written motion

to withdraw the guilty plea.  The basis for that motion was petitioner's claim that "the applicable

U.S.S.G. sentencing range and the statutory range substantially exceeded what he believed his potential

liability to be based upon representations made to him by former counsel."  (Mtn. to Withdraw Guilty

Plea, Doc. 42, ¶ 2.)  The Court denied the motion in a written order dated July 2, 2003.  (Doc. 45.)  In

that order, the Court carefully examined and rejected petitioner's claim that his plea was not knowing

and voluntary.  The Court found that petitioner's "potential liability –including mandatory minimum and potential sentencing ranges–was explained to the defendant numerous times prior to his guilty plea." (*Id.* at 5.)  Specifically, "[t]he mandatory minimum sentence was made clear at the probation office conference, in the written plea agreement and at the guilty plea hearing." (*Id.* n.3.)

Petitioner was sentenced to a term of imprisonment of 168 months.  An appeal was filed but was later voluntarily dismissed.

**Discussion**

Petitioner raises four issues in his § 2255 motion, each of which is based on his claim that he had been led to believe, by defense counsel and by the plea agreement, that the maximum sentence he could receive was ten years.  First, petitioner contends that his guilty plea was not knowing and voluntary.  Second, he asserts that counsel rendered constitutionally ineffective assistance because she incorrectly advised him regarding the statutory maximum.  Third, he argues that the prosecutor engaged in prosecutorial misconduct because she altered the written plea agreement after petitioner signed it to reflect a greater statutory maximum sentence.  Fourth, petitioner contends that the Court abused its discretion because it denied his motion to withdraw his guilty plea.

The circumstances under which a guilty plea may be collaterally attacked are strictly limited. "'It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) (footnote omitted)). The Court need not tarry long with any of petitioner's claims because they all suffer from the same infirmity.  All rest on the assertion that petitioner did not know that he was pleading guilty to a crime for

which the range of imprisonment was ten years to life.  That assertion was raised in petitioner's motion

to withdraw the guilty plea and found to be without merit.  Because petitioner was informed of the

correct sentencing range at the guilty plea hearing, he cannot now claim that he was misled by prior

contradictory statements allegedly made by counsel or in the plea agreement.  *See United States v.*

*Bjorkman*, 270 F.3d 482 (7th Cir. 2001) (having been informed of correct sentencing parameters by

the court precluded petitioner from contending that he pled guilty based on counsel's alleged alternative

characterization of sentencing possibilities).

**Conclusion**

Petitioner's motion to vacate, set aside or correct sentence is obviously without merit.

Therefore, it is **ORDERED, ADJUDGED** and **DECREED** that the motion be and hereby is

**DISMISSED** with prejudice.

**DONE** this the 23rd  day of May, 2005.

s/Charles R. Butler, Jr.
**Senior United States District Judge**